TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JENNIFER L. WAIER (Bar No. 209813)
ROBERT J. KEENAN (Bar No. 151094)
Assistant United States Attorneys
 UNITED STATES ATTORNEY'S OFFICE
 411 W. Fourth Street
 Suite 8000
 Santa Ana, California 92701
 Telephone:   (714) 338-3550 / 3597
 Facsimile:   (714) 338-3708
 E-Mail:      jennifer.waier@usdoj.gov
              rob.keenan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 19-138-DMG |
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT BRIAN PATRIC BOOKER |
| v. | |
| BRIAN PATRIC BOOKER, | [18 U.S.C. § 242] |
| Defendant. | |

1.   This constitutes the plea agreement between defendant BRIAN PATRIC BOOKER ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This Agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

1

**DATE: August 27, 2021 v.5**

**DEFENDANT'S OBLIGATIONS**

2.   Defendant agrees to:

(a)   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to the lesser-included offense in Count One of the Indictment, which charges defendant with Deprivation of Rights Under Color of Law, in violation of 18 U.S.C. § 242, which is a Class A misdemeanor, as defined in 18 U.S.C. § 3559(a)(6).

(b)   Not thereafter move to withdraw his guilty plea.

(c)   Not contest facts agreed to in this Agreement.

(d)   Abide by all agreements regarding sentencing contained in this Agreement.

(e)   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

(f)   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

(g)   Be truthful at all times with the United States Probation & Pretrial Services Office ("United States Probation Office"), and the Court.

(h)   Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

(i)   Agree that all court appearances, including his change of plea hearing and sentencing hearing, may proceed by video-

2

teleconference ("VTC") or telephone, if VTC is not reasonably available, so long as such appearances are authorized by Order of the Chief Judge 20-043 or another order, rule, or statute and otherwise agreeable to the Court.  Defendant understands that, under the United States Constitution, the United States Code, and the Federal Rules of Criminal Procedure (including Rules 11, 32, and 43), he may have the right to be physically present at these hearings.  Defendant understands that right and, after consulting with counsel, voluntarily agrees to waive it and to proceed remotely if the Court makes that option available.  Specifically, defendant consents under Section 15002(b) of the CARES Act to proceed with his change of plea and his sentencing hearing by VTC or telephone, if VTC is not reasonably available.  Defense counsel also joins in this consent, agreement, and waiver.

## **USAO'S OBLIGATIONS**

3.   The USAO agrees to:

(a)   Not contest facts agreed to in this Agreement.

(b)   Abide by all agreements regarding sentencing contained in this Agreement.

(c)   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

(d)   Recommend that defendant be sentenced to a one-year term of probation, with the following conditions, which are mandated

3

**DATE: August 27, 2021 v.5**

by statute: (1) defendant must not commit another federal, state, or local crime (see 18 U.S.C. § 3563(a)(1)); and (2) defendant shall pay the $25 special assessment to be ordered by the Court, which shall be due immediately (see 18 U.S.C. §§ 3563(a)(6)(B), 3572(d)(1)).  The government further agrees to not recommend a term of imprisonment, community detention, or home confinement as a part of the probationary sentence.

(e)  At the end of the sentencing hearing, move to dismiss the remaining Counts TWO and THREE of the Indictment on file in this case.

## NATURE OF THE OFFENSE

Defendant understands that for defendant to be guilty of the lesser-included offense of the crime charged in Count One of the Indictment, that is, Deprivation Of Rights Under Color Of Law, in violation of Title 18, United States Code, Section 242, which is a Class A misdemeanor under 18 U.S.C. § 3559(a)(6), the following must be true: (1) defendant acted under color of law; (2) defendant deprived another person of a right secured and protected by the Constitution or laws of the United States; (3) defendant acted willfully; and (4) the deprivation of rights occurred within a State of the United States.

## PENALTIES

4.   Defendant understands that the statutory maximum sentence that the Court can impose for the lesser-included Class A misdemeanor offense in a violation of Title 18, United States Code, Section 242, is as follows: 1 year of imprisonment; a one-year term of supervised release; a fine of $100,000; and a mandatory special assessment of $25.  See 18 U.S.C. §§ 242 (prison term), § 3583(b)(3)

4

**DATE: August 27, 2021 v.5**

(term of supervised release), § 3571(b)(5) (fine); and § 3013(a)(1)(A)(iii) (special assessment).  If the Court elects to impose a probationary sentence instead of a term of imprisonment followed by supervised release, the statutory maximum sentence that the Court can impose for the subject misdemeanor offense is as follows: a 5-year term of probation; a fine of $100,000; and a mandatory special assessment of $25.  See 18 U.S.C. §§ 3561(c)(2) (probationary term), § 3571(b)(5) (fine), and § 3013(a)(1)(A)(iii) (special assessment).

5.   Defendant understands that terms of probation and supervised release are periods of time (the latter following a term of imprisonment) during which defendant will be subject to various restrictions and requirements (i.e., "conditions") that the Court may impose as part of the sentence in this case.  Defendant understands that if defendant violates one or more conditions of probation or supervised release, defendant may be sentenced to prison for such violation for all or part of the authorized term of probation or supervised release.  If defendant is placed on supervised release and violates one or more conditions of supervised release, defendant may be returned to prison for all or part of the term of supervised release authorized by statute, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

6.   A conviction in this case, even for a misdemeanor, may have unexpected collateral consequences, which the parties and the Court cannot foresee.  Regardless, defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

5

**DATE: August 27, 2021 v.5**

**FACTUAL BASIS**

7.   Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this Agreement and to establish the Sentencing Guidelines factors stipulated to below, but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

> On June 19, 2014, in Orange County, within the Central District of California, defendant BOOKER was on duty as a sworn police officer employed by the Santa Ana Police Department ("SAPD").  While acting under color of law, defendant BOOKER willfully used unreasonable and excessive force against the person of E.A. while affecting an arrest of E.A.  In so doing, defendant BOOKER willfully deprived E.A. of the right secured and protected by the United States Constitution to be free from unreasonable use of force in connection with a seizure (arrest) of one's person by a law enforcement officer.

**SENTENCING FACTORS**

8.   Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing

6

factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

9.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| **Base Offense Level**: | 10 | U.S.S.G. § 2H1.1(a)(3) (offense involved use of force against a person) |
| **Offense Characteristics** | | |
| Offense committed under color of law: | +6 | U.S.S.G. § 2H1.1(b)(1)(B) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

10.  Defendant understands that there is no agreement as to defendant's criminal history or the calculation of his Criminal History Category under the Guidelines.

11.  Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a).

## WAIVER OF CONSTITUTIONAL RIGHTS

12.  Defendant understands that, by pleading guilty, defendant gives up the following rights:

(a)  The right to persist in a plea of not guilty.

7

**DATE: August 27, 2021 v.5**

(b) The right to a speedy and public trial by jury.

(c) The right to be represented by counsel -- and if necessary have the court appoint counsel -- at trial. (Defendant understands, however, that, defendant retains the right to be represented by counsel, including court-appointed counsel, if necessary, at every other stage of this case.)

(d) The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

(e) The right to confront and cross-examine witnesses against defendant.

(f) The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

(g) The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

(h) Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

**WAIVER OF APPEAL OF CONVICTION**

13. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up

8

any right to appeal defendant's conviction on the offense to which defendant is pleading guilty. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

### LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

14.  Defendant waives and gives up the right to appeal all of the following portions of the sentence: (a) the term of imprisonment imposed by the Court (if any), provided it is within the statutory maximum, and the procedures and calculations used by the Court to determine and impose the term of imprisonment; (b) the fine imposed by the Court (if any), provided it is within the Fine Table set forth in U.S.S.G. § 5E1.2; (c) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (d) any of the following conditions of probation or supervised release imposed by the Court: (i) the conditions set forth in Second Amended General Order 20-04 of this Court; and (ii) any other condition to which defendant does not object at or before sentencing.

15.  The USAO gives up its right to appeal any portion of the sentence, provided that all portions of the sentence are at or below the statutory maximum.

### WAIVER OF COLLATERAL ATTACK

16.  Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of newly discovered evidence or an explicitly retroactive change in the

9

applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and that the statement of "Factual Basis" provided herein is insufficient to support defendant's guilty plea.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

17. Defendant agrees that if, after entering a guilty plea pursuant to this Agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this Agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this Agreement; and (b) should the USAO choose to pursue any charge that not filed or dismissed as a result of this Agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this Agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this Agreement.

## RESULT OF VACATUR, REVERSAL, OR SET-ASIDE

18. Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this Agreement.

## BREACH OF AGREEMENT

19. Defendant agrees that if, at any time after the Effective Date of this Agreement, defendant knowingly violates or fails to

**DATE: August 27, 2021 v.5**

perform any of defendant's obligations under this Agreement ("a breach"), the USAO may declare this Agreement breached. All of defendant's obligations are material, a single breach of this Agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this Agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this Agreement, defendant will not be able to withdraw the guilty plea; and (b) the USAO will be relieved of all its obligations under this Agreement.

20. Following the Court's finding of a knowing breach of this Agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this Agreement, then:

(a) Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this Agreement and the filing of any such action.

(b) Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this Agreement.

(c) Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the

DATE: August 27, 2021 v.5

breach); (ii) the agreed to factual basis statement in this Agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

**COURT AND U.S. PROBATION OFFICE ARE NOT PARTIES**

21. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this Agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

22. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court; (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence; and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in Paragraph  9  are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States

12

Probation Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this Agreement.

23. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this Agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

**NO ADDITIONAL AGREEMENTS**

24. Except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

**EFFECTIVE DATE OF AGREEMENT**

25. This Agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

/ /
/ /
/ /
/ /

DATE: August 27, 2021 v.5

<u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

26. The parties agree that this Agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED:

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

TRACY L. WILKISON
Acting United States Attorney

_/s/ Robert J. Keenan_        August 29, 2021
JENNIFER L. WAIER
ROBERT J. KEENAN        Date
Assistant United States Attorneys

_[signature]_        8/28/21
BRIAN PATRIC BOOKER        Date
Defendant

_[signature]_        8/29/21
BRIAN GURWITZ        Date
Attorney for Defendant
BRIAN PATRIC BOOKER

14

DATE: August 27, 2021 v.5

## CERTIFICATION OF DEFENDANT

I have read this Agreement in its entirety. I have had enough time to review and consider this Agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this Agreement, and I voluntarily agree to those terms.

I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this Agreement.

No promises, inducements, or representations of any kind have been made to me other than those contained in this Agreement. No one has threatened or forced me in any way to enter into this Agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this Agreement, and not for any other reason.

_____     ___8/28/21___
BRIAN PATRIC BOOKER                 Date
Defendant

15

DATE: August 27, 2021 v.5

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am BRIAN PATRIC BOOKER's attorney. I have carefully and thoroughly discussed every part of this Agreement with my client.

I have fully advised my client of his rights, of possible pre-trial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this Agreement.

To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this Agreement; no one has threatened or forced my client in any way to enter into this Agreement; my client's decision to enter into this Agreement is an informed and voluntary one; and the factual basis set forth in this Agreement is sufficient to support my client's entry of a guilty plea pursuant to this Agreement.

_____       8/29/21
BRIAN GURWITZ                   Date
Attorney for Defendant
BRIAN PATRIC BOOKER

16

DATE: August 27, 2021 v.5